**The document below is hereby signed.**

**Dated: July 7, 2011.**



_S. Martin Teel, Jr._
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
                    UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
ANNIE M. DORSEY,              )    Case No. 88-00153
                              )    (Chapter 13)
            Debtor(s).        )    Not for Publication in
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
RE APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

Hechinger Company had an allowed claim in this case. Under the debtor's confirmed chapter 13 plan, the chapter 13 trustee, Cynthia A. Niklas, mailed a distribution check for $166.98 to Hechinger Company. The check went uncashed for 90 days, so the trustee stopped payment on the check and deposited the $166.98 amount in the registry of the court on September 17, 1993.

Now, more than seventeen years later, Oak Point Partners, an assignee of Hechinger Company's assets (including its accounts payable), has filed an application to recover the $166.98. For reasons set forth in the Memorandum Decision and Order dated June 24, 2011, I ruled that Oak Point Partners was not entitled to the

funds unless it showed that the debt that was owed to Hechinger Company remained unpaid. In response, Oak Point Partners has filed a Supplemental Statement in support of its application.

I will assume, as contended by Oak Point Partners, that the distribution check was not received by Hechinger Company, and that this is why the check went uncashed. Nevertheless, Oak Point Partners has not shown in its Supplemental Statement that during the seventeen year interval since the unclaimed funds were deposited, the debt that the debtor owed to Hechinger Company was not paid from some other source. For example, the debt may have been one as to which there was a co-debtor, and that co-debtor may have paid the debt. Or the debt may have been secured by a lien on collateral, and may have been collected via enforcement of that lien. Or, although unlikely, the debtor (who received a discharge) may have voluntarily paid the debt.

Oak Point Partners has not produced business records of Hechinger Company reflecting that the debt remains unpaid. Instead, it says that "Oak Point took reasonable efforts to confirm its present entitlement to the Unclaimed Funds, which included an investigation and review of available records" (Supp. Statement at 3), but it does not state what the available records are, and what they showed. For all we know, there are no available records to show whether the debt was ever paid after the $166.98 was deposited in the court's registry.

2

When a creditor seeks funds representing an uncashed check that was mailed to it to pay a debt, it has an affirmative obligation to establish that the debt remains unpaid, and that it is thus entitled to the unclaimed funds.  If it fails to retain records to show that the debt was never paid, and no one is available with personal knowledge regarding whether the debt remained unpaid, it suffers the consequences.

That the debtor has not filed an application to recover the unclaimed funds does not carry Oak Point Partners' burden.  If, for example, a co-debtor paid the debt, there may be any number of reasons why the debtor failed to file an application.

Oak Point Partners apparently has proceeded on the naked assumption that the debt that was owed to Hechinger Company remained unpaid, but has no way of establishing that its assumption is valid.  If it ever finds proof to demonstrate that the debt remains unpaid, it may renew its application.

In light of the foregoing, it is

ORDERED that the application to recover the unclaimed $166.98 is DENIED without prejudice.

[Signed and dated above.]

Copies to:

Hechinger Liquidation Trust
c/o Oak Point Partners, Inc.
Attn: Eric Linn, President
1540 E. Dundee Rd., Ste. 240
Palatine, IL 60074

3

H:\Common\TreiSBK\LKU\ORDERS\Unclaimed Funds\Order_Deny Application for Unclaimed Funds_Dorsey.wpd